UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PAUL N. KROP,

*Plaintiff-Appellant,*

v.

AIG LIFE INSURANCE COMPANY,

*Defendant-Appellee.*

No. 03-1388

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
F. Bradford Stillman, Magistrate Judge.
(CA-01-418-2)

Argued: December 3, 2003

Decided: January 23, 2004

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Robert Lee Samuel, Jr., WILLIAMS MULLEN, P.C.,
Virginia Beach, Virginia, for Appellant. John Andrew Basham,
MCKENRY, DANCIGERS, WARNER, DAWSON & LAKE, P.C.,
Norfolk, Virginia, for Appellee. **ON BRIEF:** George J. Dancigers,
MCKENRY, DANCIGERS, WARNER, DAWSON & LAKE, P.C.,
Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant, Dr. Paul Krop, was insured under a group long-term disability policy issued by appellee, AIG Life Insurance Co. ("AIG"). Krop sustained a partial disability on January 1, 2000, and filed a claim for disability benefits under the policy. After AIG denied Krop's claim, Krop sued AIG for breach of the policy and wrongful denial of benefits under 29 U.S.C. § 1132, asserting that the policy was an "employee welfare benefit plan" under 29 U.S.C. § 1002(1) and that he was a "participant" in that plan under 29 U.S.C. § 1002(7).

As is pertinent here, the policy defined an insured to be "disabled" if, while unable to perform all the material duties of his regular occupation or another occupation, the insured was performing at least one of such duties *and* was earning less than 80% of his pre-disability earnings. Krop qualified under this provision because, after his partial disability, he was able to perform some, but not all, of the material duties of his occupation, and his income was below the 80% threshold. In June 2001, however, Krop's income exceeded the 80% threshold. After the completion of discovery, Krop and AIG reached a partial settlement covering the period before June 2001, leaving unresolved the single stipulated issue of Krop's entitlement to benefits after June 2001.

Pursuant to 28 U.S.C. § 636(c), the parties consented to trial before a magistrate judge ("the district court"), who asserted jurisdiction over the case under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The parties' dispute centered on the meaning of "cease" as used in the provisions of the policy listed under the heading "TERMINATION OF BENEFITS." Those provisions stated that:

Disability benefits will *cease* on the earliest of:

1.   the date the insured is no longer disabled;

    2.   the date the insured dies;

    3.   the end of the maximum benefit period; or

    4.   *the date the insured's current earnings exceed 80% of his indexed pre-disability earnings.*

J.A. 28 (emphasis added).

Krop contended that in the context of this policy, "cease" was ambiguous and, construing the policy against its drafter, AIG, should be read to mean "temporarily suspend." According to Krop, that construction entitled him to receive benefits for any month, including those after June 2001, in which his income again fell below 80% of his pre-disability income. In contrast, AIG asserted that, as used in the policy, "cease" could only mean "to permanently terminate," and thus contended that Krop's entitlement to benefits ended permanently after Krop's income exceeded the 80% threshold.

The district court observed that the policy was a plan governed by ERISA in which the administrator (AIG) lacked interpretive discretion. Accordingly, the district court reviewed the denial of benefits *de novo*, applying ordinary rules of contract interpretation and noting the requirement that ambiguous terms be construed in accordance with the reasonable expectations of the insured, and against the drafter. *See Tester* v. *Reliance Standard Life Ins. Co.*, 228 F.3d 372, 375 (4th Cir. 2000). In a thorough opinion, the district court concluded that, as used in the policy, "cease" was unambiguous, and accorded the term its plain and ordinary meaning of "to end permanently." Consequently, the court directed the entry of judgment in AIG's favor. *Krop* v. *AIG Life Ins. Co.*, No. CA-01-418-2 (E.D. Va. Mar. 6, 2003).

The district court provided several reasons for its decision. Despite the conflicting definitions of "cease" offered by the parties, the district court concluded that the context in which "cease" was used in the policy — *i.e.*, as part of the "Termination of Benefits" section — "strengthen[ed] AIG's contention that the term [wa]s unambiguous and indicate[d] a permanent cessation of benefits," in light of the plain and ordinary meaning of "terminate." The district court also examined

the three other conditions that would result in the termination of benefits under the policy, and concluded that "[t]he finality and nonrecurring nature of such events len[t] context to [the meaning of 'cease'] and support[ed] the conclusion" that "cease" should similarly be read to indicate a permanent ending. Additionally, the court cited to several decisions holding "cease" to be unambiguous when employed in similar contexts, some of which had specifically rejected the argument that the term should be read as "to suspend."

Finally, the district court pointed to the "Recurrent Disability" provisions of the policy, which provided that a subsequent disability of an insured would be treated as the continuation of a prior, related disability for which the insured received benefits under the policy if the insured returned to his regular occupation on a full-time basis for less than six months and performed all the material duties of his occupation. The district court concluded that interpreting "cease" to mean that benefits are merely suspended would render this section of the policy superfluous. For these reasons, the district court held that Krop's benefits ended permanently after June 2001, the month in which his income exceeded 80% of his pre-disability earnings, and thus that he was not entitled to disability benefits for any month thereafter in which his income failed to exceed that threshold. J.A. 130-35.

Upon review of the parties' briefs and consideration of their oral arguments, we find no reversible error. Accordingly, we affirm the judgment of the district court on the reasoning of that court.

*AFFIRMED*